IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SELECT INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-5013-CV-SW-ODS |
| | ) | |
| RENEWABLE ENVIRONMENTAL SOLUTIONS, LLC, and DONALD SANDERS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION DENYING DEFENDANTS' MOTION TO STAY

      This is a declaratory action brought by Plaintiff against its insured, Defendant Renewable Environmental Solutions, LLC ("RES"), and the manager of RES' plant in Carthage, Missouri (Donald Sanders). Defendants are also defendants in a lawsuit in state court that generally alleges people residing near RES' plant have been damaged by pollution emanating from the facility. In this case, Plaintiff seeks a declaration that it is not obligated to provide a defense or coverage to Defendants in that lawsuit. Defendants have filed an Amended Counterclaim that seeks contrary declarations. Pending is Defendants' Motion to Stay.

      The critical issue is the potential overlap between the issues to be decided in the state case and the issues that need to be decided in this case. Defendants state, without explanation, that extensive overlap exists. To the contrary, the Court's experience is that such overlap is not always present – or at least, is not sufficient to justify a complete stay of proceedings.

      An insurer's obligation to defend its insured is broader than its duty to indemnify its insured. E.g., McCormack Baron Mgt. Servs., Inc. v. American Guarantee & Liability Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999) (en banc). "The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependant on the probable liability to pay based on the facts ascertained

1

through trial. The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint." Id. (quotation omitted). "[T]he duty to defend is triggered if there are facts that could potentially bring the underlying claim within coverage. Furthermore, any uncertainty as to the policy's coverage should be decided in favor the insured." Liberty Mutual Ins. Co. v. FAG Bearings Corp., 153 F.3d 919, 924 (8th Cir. 1998). It is thus theoretically possible that Plaintiff has a duty to defend but no duty to indemnify. The state court will not address whether the case before it raises claims that potentially lie within the policy's coverage and there are no other exceptional circumstances justifying a stay of proceedings regarding Plaintiff's duty to defend. Cf. Scottsdale Insurance Co. v. Detco Industries Inc., 426 F.3d 994 (8th Cir. 2005).

Plaintiff's duty to indemnify may present a different situation. The issues involving Plaintiff's duty to indemnify may or may not be entwined with matters to be resolved in the state court. A narrow stay might be appropriate to relieve the parties of investigating and litigating issues that are common to both lawsuits. However, as the proponents of the stay it is Defendants' obligation to demonstrate the need for such relief, and they have failed to do so.

Defendants' Motion to Stay (Doc. # 26) is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 28, 2008                UNITED STATES DISTRICT COURT

2